IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIMAS INTERIANO, Individually and On Behalf of All Similarly Situated Persons,<br>　　Plaintiff, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 4:15-cv-3640 |
| | § | |
| ALL HARVEST TRADING, LLC and HENRY L. CHEA<br>　　Defendants. | §<br>§<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

　　This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA").  This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Dimas Interiano ("Interiano").

**Parties**

　　1.　　Plaintiff was an "employee" of Defendants, as that term is defined by the FLSA, and is represented by the undersigned.  During his employment with the Defendants, the Plaintiff was, individually, directly engaged in interstate commerce, and his work was essential to Defendants' business.

　　2.　　Defendant, All Harvest Trading, LLC ("AHT") is a Texas limited Liability Company that employed the Plaintiff.  With respect to Plaintiff, AHT is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Defendant AHT may be served with process through its registered agent, Henry L. Chea, at 11100 Wilcrest Dr., Suite A1, Houston, Texas 77099, 218 River Grove, Sugar Land, Texas 77478 or wherever he may be found.

　　3.　　Defendant Henry L. Chea ("Chea") is an individual who was an "employer" as

that term is defined by the FLSA.  With respect to Plaintiff, Chea is subject to the provisions of the FLSA, he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Defendant Chea may be served with process at 218 River Grove, Sugar Land, Texas 77478, 11100 Wilcrest Dr., Suite A1, Houston, Texas 77099 or wherever he may be found.

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' businesses.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Mr. Interiano was employed by Defendants from September of 2013 until March of 2015 as a delivery driver.  Plaintiff's responsibilities included, but were not limited to, delivering meat and fish to various stores and restaurants, helping ice and pack meats and fish, and preparing meats and fish for deliveries.  Interiano drove a company truck to various stores and restaurant locations in the Houston area and to some locations in other parts of Texas

delivering the meat and fish products.  During the time Interiano worked for the Defendants, he regularly worked in excess of 40 hours in a workweek.  In fact, Interiano regularly worked 60 hours or more per week.  For his work, Interiano was paid on a salary basis for all hours worked and was not paid an overtime premium for hours worked over 40 hours per workweek.

6. During every week of Plaintiff's employment with Defendants wherein he worked in excess of 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.  Instead, Plaintiff was paid the same salary no matter how many hours he worked.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

8. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

9. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

10. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

## Collective Action Allegations

11. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA.  A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiff is aware that Defendants makes a regular practice of not paying their local drivers the required overtime premium for hours worked over 40 in a workweek.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed.  Accordingly, the employees

victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are therefore similarly situated in terms of pay provisions.

14. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All persons employed by the Defendants All Harvest Trading, LLC and/or Henry L. Chea, as drivers who were paid on an salary basis during the three-year period preceding the filing of this Complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Jury Demand

20. Plaintiff demands a trial by jury on all claims he has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all drivers employed by All Harvest Trading, LLC and Henry L. Chea on a salary basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFF DIMAS INTERIANO**